# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY TAYLOR,<br><br>  Plaintiff,<br><br>  v.<br><br>SUSAN HUBBARD, et al.,<br><br>  Defendants. | CASE NO. 1:10-cv-00404-SKO PC<br><br>ORDER DENYING MOTIONS FOR PRELIMINARY INJUNCTION<br><br>(Docs. 5, 14) |

Plaintiff Tracy Taylor ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Plaintiff has filed two motions for a preliminary injunction. (Docs. #5, 14.) Plaintiff's motions request that the Court order prison officials to allow Plaintiff to possess tobacco in his cell because it is necessary for the practice of his religion. Plaintiff has consented to jurisdiction by U.S. Magistrate Judge. (Doc. #10.)

Plaintiff claims that he is a member of the "Thelema" religion and is required to use tobacco products in his cell for a religious ceremony called the "wheel of love." (Plaintiff[sic] Mot. for Prelim. Inj. 7, ECF No. 5.) Plaintiff claims that prison officials at Kern Valley State Prison ("KVSP") are depriving him of his right to practice his religion because it is KVSP's policy "to force Plaintiff to use only the vendors that have been approved by the department" to purchase tobacco, but no vendors sell the "loose tobacco" that Plaintiff needs to exercise his religion due to laws that prohibit the sale of tobacco to prisoners via mail. (Mot. for Prelim. Inj. 7, ECF No. 5.) Plaintiff also complains that prison rules prohibit Plaintiff from possessing tobacco in his cell and from possessing

1

tobacco products on his person.  Plaintiff requests that the Court issue an order requiring prison officials to permit Plaintiff to possess tobacco in his cell and on his person and to permit Plaintiff to receive tobacco sent to him by his friends and family outside the prison.

The purpose of a preliminary injunction or a temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by evidence. With respect to motions for preliminary injunctive relief or a temporary restraining order, the Prison Litigation Reform Act ("PLRA") provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

18 U.S.C. § 3626(a)(2).

The Court notes that Defendants have not been provided with notice of Plaintiff's motion because they have not yet been served and have not made an appearance in this action.  Therefore, Plaintiff's motion is actually a motion for a temporary restraining order under Federal Rule of Civil Procedure 65(b), not a preliminary injunction under Federal Rule of Civil Procedure 65(a).  Thus, in addition to the requirements for obtaining a preliminary injunction, Plaintiff must also meet the requirements of Federal Rule of Civil Procedure 65(b)(1), which requires the movant to clearly show

1  that immediate and irreparable injury would result before the adverse party can be heard in
2  opposition.  Plaintiff is also required to certify in writing any efforts made to give Defendants notice
3  of the motion and provide the Court with reasons why notice should not be required.  Federal Rule
4  of Civil Procedure 65(b)(1)(B).  Plaintiff has failed to inform the Court of his efforts to provide
5  Defendants with notice of his motion and has not explained why such notice should not be required.

6  Further, Plaintiff has not made a clear showing that he is entitled to the relief that he requests.
7  First, Plaintiff contends that in order to obtain a preliminary injunction, he only needs to demonstrate
8  a "better than negligible chance of succeeding" on the merits of his claims. (Mot. for Prelim. Inj.
9  5, ECF No. 5.) Plaintiff cites a Seventh Circuit case in support of his proposition, <u>Cooper v. Salazar</u>,
10 196 F.3d 809, 813 (7th Cir. 1999).  The Court notes that in the Ninth Circuit, Plaintiff is obligated
11 to demonstrate that he is "likely" to succeed on the merits of his claims – not a mere "better than
12 negligible chance of succeeding" on the merits.  <u>See</u> <u>Winter v. Natural Resources Defense Council,</u>
13 <u>Inc.</u>, 129 S. Ct. 365, 374 (2008) ("A plaintiff seeking a preliminary injunction must establish that he
14 is likely to succeed on the merits"); <u>National Meat Association v. Brown</u>, 577 F.3d 1093, 1097 (9th
15 Cir. 2010) ("Someone seeking a preliminary injunction must demonstrate 'that he is likely to succeed
16 on the merits. . . .'")

17 The Court finds that Plaintiff has failed to demonstrate that he is likely to succeed on the
18 merits of his claims.  Plaintiff is unable to cite to any case that can be analogized to the facts in his
19 claims.  Plaintiff provides little argument regarding his likelihood of success.  Plaintiff only states
20 that his religion requires him to use tobacco products in his cell and that he is unable to obtain the
21 necessary tobacco products because he cannot order them via mail and he cannot possess the
22 necessary tobacco products because the prison prohibits its possession in Plaintiff's cell.  It is not
23 entirely clear why Plaintiff needs to have possession of his tobacco in his cell or on his person, as
24 opposed to performing the designated religious services in the prison's chapel.  Plaintiff indicates
25 that the prison allows tobacco to be used for religious ceremonies in the prison's chapel.  Plaintiff's
26 allegations are also confusing as Plaintiff claims that no vendors will mail tobacco to the prison, yet
27 also alleges that on numerous occasions prison officials rejected packages containing tobacco that
28 came from vendors.

1    Plaintiff also claims that a state court issued an order that found that prison officials violated
2 the First Amendment and the RLUIPA and ordered the prison officials to permit Plaintiff to possess
3 tobacco and receive it from friends and family. Notably, Plaintiff has not attached copies of the state
4 court's order to his complaint or to his motion for a preliminary injunction. In the absence of such
5 evidence, it is difficult to imagine the circumstances in which a state court would be making such
6 decisions grounded in federal law.[1]

7    The Court also notes that it is difficult to evaluate the balance of the equities because
8 Defendants did not have the opportunity to respond to Plaintiff's motions. However, the relief
9 requested by Plaintiff will likely impose a substantial burden on Defendants. Plaintiff's request for
10 an exemption from the tobacco possession rule will likely burden the administration of the prison
11 and the regulation of contraband within the prison as it would require prison officials to educate
12 correctional officers about Plaintiff's exclusive exception and to monitor Plaintiff's possession to
13 prevent the distribution of the tobacco to other inmates. Plaintiff also requests permission to allow
14 friends and family to send Plaintiff tobacco, which would require prison officials to undertake the
15 burden of inspecting Plaintiff's incoming mail and somehow screen the loose tobacco to ensure that
16 it does not contain any other contraband or illegal substances. Although Plaintiff may suffer
17 irreparable injury because he is unable to practice his religion, the burden on Defendants would also
18 be substantial and the Court cannot conclude that it would be appropriate to grant Plaintiff the relief
19 requested before providing Defendants with the opportunity to be heard.

20 ///
21 ///

---

[1] Plaintiff has attached an exhibit to his complaint that is allegedly a letter from the warden acknowledging the Sacramento Superior Court's order requiring prison officials to permit Plaintiff to use tobacco products. (Am. Compl. Ex. 3, ECF No. 13.) The authenticity of this memorandum is questionable, as it is rife with spelling and grammatical errors and typewritten on plain white paper, as opposed to official prison or California Department of Corrections and Rehabilitation letterhead. Additionally, the memorandum is addressed only to Plaintiff and not to any correctional officers or prison officials. It is unlikely that the warden sent a memorandum exclusively to Plaintiff and not to any other prison officials regarding Plaintiff's authorization to use tobacco products. Further, the Sacramento Superior Court case number referenced in the memorandum, 05F03930, does not refer to any case involving Plaintiff.

Accordingly, the Court HEREBY ORDERS that Plaintiff's motions for a preliminary injunction/temporary restraining order is DENIED.

IT IS SO ORDERED.

**Dated:**    **July 30, 2010**                   /s/ Sheila K. Oberto
                                                                UNITED STATES MAGISTRATE JUDGE