# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY TAYLOR,<br><br>    Plaintiff,<br><br> v.<br><br>SUSAN HUBBARD, et al.,<br><br>    Defendants. | CASE NO. 1:10-cv–00404-BAM PC<br><br>ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS FOR FAILURE TO STATE A CLAIM<br><br>(ECF Nos. 20, 21)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A COPY OF THE COMPLAINT AS MOOT<br><br>(ECF No. 22) |

  Plaintiff Tracy Taylor is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000cc-1 (the Religious Land Use and Institutionalized Persons Act of 2000) ("RLUIPA"). On October 26, 2011, the Court screened Plaintiff's complaint, and found that it states a claim against Defendants Harrington and Wegman for violation of the First Amendment and RLUIPA, but does not state any other claims for relief under section 1983. 28 U.S.C. § 1915A. Plaintiff was ordered to either file an amended complaint or notify the Court of his willingness to proceed only on the claims found to be cognizable. On November 9, 2011, Plaintiff filed a notice stating that he does not wish to amend his complaint and is willing to proceed only on his cognizable First Amendment and RLUIPA claims and a motion for a copy of the complaint. Concurrently with this order, an order is being issued sending a copy of the complaint to Plaintiff.

  In the order requiring Plaintiff to file an amended complaint or notify the Court that he

wished to proceed on the claims found to be cognizable, the Court found a claim under RLUIPA against Defendant Harrington in his individual and official capacity and Defendant Wegman in her individual capacity. The Court has rescreened the complaint and now provides clarification of the RLUIPA claims which the Court finds cognizable and which may proceed. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case *at any time* if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added).

Pursuant to 42 U.S.C. § 2000cc-2(a) an individual may assert a claim under RLUIPA "and obtain appropriate relief against a government." The Eleventh Amendment bars a suit for damages under RLUIPA against defendants in their official capacity. Sossamon v. Texas, __ U.S. __, 131 S. Ct. 1651, 1655 (2011); Holley v. California Dep't of Corrections, 599 F.3d 1108, 1114 (9th Cir. 2010). The Ninth Circuit has not ruled on whether RLUIPA provides an action for damages against prison officials in individual capacity suits. Florer, 639 F.3d at 922 n.3. However the Fifth, Seventh, and Eleventh Circuits have concluded that Congress enacted RLUIPA pursuant to the Spending Clause and did not indicate with sufficient clarity an intent to create an individual capacity action for damages, moreover, such a reading of the statute would raise serious constitutional concerns regarding the extent of Congress' authority under the Spending Clause. See Sossamon v. Lone Star State of Texas, 560 F.3d 316, 329 (5th Cir. 2009) (Congressional enactments pursuant to the spending clause do not impose direct liability on an individual who is not a party to the contract between the state and federal government); Nelson v. Miller, 570 F.3d 868, 889 (7th Cir. 2009) ("Construing RLUIPA to provide for damages actions against officials in their individual capacities would raise serious questions regarding whether Congress had exceeded its authority under the Spending Clause"); Smith v. Allen, 502 F.3d 1255 (11th Cir. 2007) ("[S]ection 3 of RLUIPA-a provision that derives from Congress' Spending Power-cannot be construed as creating a private action against individual defendants for monetary damages"), abrogated on other grounds, Sossamon, __ U.S. ___, 131 S. Ct. 1651. The Fourth Circuit has also held that no individual capacity claim can be brought under RLUIPA. Rendelman v. Rouse, 569 F.3d 182, 189 (4th Cir. 2009) ("[I]t would be a novel use of the spending clause to condition the receipt of federal funds on

the creation of an individual capacity damages action").

The Ninth Circuit has found that RLUIPA is constitutional as an enactment under the Spending Clause. Mayweathers v. Newland, 314 F.3d 1062, 1066 (9th Cir. 2002). Implicit in the Ninth Circuit's holding is recognition of limits on Congress' authority under the Spending Clause. Thus, the Court finds the reasoning of the Fourth, Fifth, Seventh, and Eleventh Circuits persuasive and concludes that RLUIPA does not create a suit for damages against defendants in their individual capacities. See also Williams v. Book, No.2:10-cv-0423, 2011 WL 2173743, *2 n.2 (E.D. Cal. June 2, 2011); Rupe v. Cate, 688 F.Supp.2d 1035, 1045 (E.D. Cal. Feb. 1, 2010); Hypolite v. CDCR, No. 2:05-cv-0428, 2010 WL 1729736, *5 (E.D. Cal. Apr. 28, 2010). Accordingly, Plaintiff may not recover damages against Defendants Harrington and Wegman in their individual or official capacities under RLUIPA and may only seek injunctive relief. Therefore, this action shall proceed against Defendant Harrington, in his official capacity for injunctive relief, and Plaintiff's RLUIPA claims against Defendant Wegman shall be dismissed.

Based on the foregoing and on Plaintiff's notice, it is HEREBY ORDERED that:

1. This action shall proceed on the first amended complaint, filed July 16, 2010, against Defendant Harrington, in his individual and official capacities, and Defendant Wegman, in her individual capacity, for violation of the Free Exercise Clause of the First Amendment, and against Defendant Harrington, in his official capacity, seeking injunctive relief for violation of RLUIPA;

2. Defendant Hubbard is dismissed from this action, with prejudice, based upon Plaintiff's failure to state a cognizable claim against her;

3. Plaintiff's official capacity and RLUIPA claims against Defendant Wegman are dismissed, with prejudice, for failure to state a claim; and

4. Plaintiff's motion for a copy of the complaint, filed November 9, 2011, is DENIED as moot.

IT IS SO ORDERED.

**Dated:   November 14, 2011**                    **/s/ Barbara A. McAuliffe**
                                                                         UNITED STATES MAGISTRATE JUDGE