# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY TAYLOR, | CASE NO. 1:10-cv–00404-BAM PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT |
| v. | |
| SUSAN HUBBARD, et al., | (ECF No. 36) |
| Defendants. | |

Plaintiff Tracy Taylor is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The complaint in this action was filed on March 8, 2010. (ECF No. 1.) Plaintiff filed a first amended complaint on July 16, 2010. (ECF No. 13.) On October 26, 2011, an order issued requiring Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed on the claims found to be cognizable in the first amended complaint. (ECF No. 20.) Plaintiff filed a notice stating he did not wish to file an amended complaint and wanted to proceed on the cognizable claims on November 9, 2011. (ECF No. 21.) On November 15, 2011, orders issued dismissing Defendant Hubbard and Plaintiff's Religious Land Use and Institutionalized Persons Act claims, with prejudice, for failure to state a cognizable claim, and directing Plaintiff to submit service documents within thirty days. (ECF Nos. 23, 24.) Plaintiff submitted the service documents on December 21, 2011. (ECF No. 26.) Defendants Harrington and Wegman have been served and motions for an extension of time have been granted. A responsive pleading is due on April 25, 2012. (ECF Nos. 33, 35.) On March 12, 2012, Plaintiff filed a motion for leave to file a second amended complaint. (ECF No. 36.)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). In this instance, Plaintiff has already filed an amended complaint so he may amend only with leave of the court or by written consent of the adverse party.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

Plaintiff states that he now has a copy of the first amended complaint and wishes to file a second amended complaint. However, Plaintiff has not filed a second amended complaint or supplied sufficient information for the Court to determine if leave to amend would prejudice the opposing party; is being sought in bad faith; would produce an undue delay in the litigation; or would be futile. Accordingly, Plaintiff's motion for leave to file a second amended complaint is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   March 23, 2012            /s/ Barbara A. McAuliffe
                                   UNITED STATES MAGISTRATE JUDGE