# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY TAYLOR,<br><br>    Plaintiff,<br><br>  v.<br><br>SUSAN HUBBARD, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:10-cv–00404-BAM PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND, DIRECTING CLERK'S OFFICE TO FILE LODGED SECOND AMENDED COMPLAINT, AND ORDERING DEFENDANTS TO FILE A RESPONSIVE PLEADING AND AN OPPOSITION OR STATEMENT OF NON-OPPOSITION TO PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF<br><br>(ECF No. 38, 40)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR A QUICK DECISION<br><br>(ECF No. 30)<br><br>THIRTY-DAY DEADLINE |

## I.   Procedural History

Plaintiff Tracy Taylor is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000cc-1 (the Religious Land Use and Institutionalized Persons Act of 2000) ("RLUIPA"). This action is proceeding on the first amended complaint, filed July 16, 2010, against Defendants Harrington and Wegman for violation of the Free Exercise Clause of the First Amendment, and Defendant Harrington for violation of RLUIPA. On January 9, 2012, Plaintiff filed a motion for a preliminary injunction and protective order and a request for a quick decision. (ECF No. 29, 30.) On March 23, 2012, Plaintiff filed a motion to amend his complaint, a motion for a preliminary injunction and/or protective order, and a second

1

amended complaint was lodged. (ECF Nos. 38, 39, 40.) On March 30, 2012, Defendants filed a statement of non-opposition to Plaintiff's motion to file an amended complaint and requested an extension of time to file a responsive pleading. (ECF No. 42.) On April 2, 2012, the Court partially granted Defendants Harrington and Wegman's request to extend time to file an answer to the complaint until after the Court decided Plaintiff's motion to amend. (ECF No. 43.)

## II.   Motion to Amendment

Plaintiff moves to amend his complaint to correct the name of Defendant Wegman and to add Defendant Cate. Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

Defendants have filed a statement of non-opposition to Plaintiff's motion to amend the complaint. Accordingly, Plaintiff's motion to file a second amend complaint shall be granted.

Plaintiff also requests a hearing on his motion for a preliminary injunction. Additionally, Plaintiff has filed a request that his motion for a preliminary injunction be heard immediately. At the time that Plaintiff filed his request for an immediate decision, service of process had not been effected upon Defendants in this action. The Local Rules provide for a motion, an opposition, and a reply. Now that Plaintiff's second amended complaint has been screened, the Court shall order Defendants to file an opposition or a statement of non-opposition to Plaintiff's motions for injunctive relief. Local Rule 230(l).

At this stage of the proceedings, the Court finds that a hearing is not necessary and Plaintiff's

motion shall be addressed once Defendants are afforded an opportunity to file an opposition to the motion and Plaintiff to file a reply. Accordingly, Plaintiff's request for an immediate decision and motion for a hearing shall be denied.

**III.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at , 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a has defendant acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949; Moss, 572 F.3d at 969.

Further, under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

3

do not suffice." Id. (quoting Twombly, 550 U.S. at 555, 127 S.Ct. 1955).

## IV. Second Amended Complaint Allegations

Plaintiff alleges that Defendant Cate is responsible for implementing and enforcing California Code of Regulations, tit. 15 section 3190, which denies Plaintiff access to the religious items needed for his religious beliefs. Under the current policy, Plaintiff is required to purchase his religious items from departmentally approved vendors. Plaintiff claims that most of his religious items can only be purchased from retail stores by his family and friends and then mailed to him in prison. Additionally, each time Plaintiff is transferred to a different prison, that prison is allowed to disapprove of the religious items that have previously been approved by the prior institution under section 3190. This has resulted in Plaintiff's religious items being confiscated and not returned to Plaintiff.

Plaintiff states that he is required to use tobacco in his Wheel of Love Ceremony and since 2009, he has been denied access to tobacco by Defendants Wegman and Harrington. On or around February 11, 2009, Defendant Wegman had correctional officers confiscate all of Plaintiff's religious items, and Plaintiff has been unable to practice his prayers, adoration rituals, cleansing rituals, and Wheel of Love Ceremony. Defendant Wegman banned Plaintiff from possessing tobacco in his cell, carrying tobacco on his person, required Plaintiff to purchase tobacco from one vendor in limited quantities, and required Plaintiff's tobacco to be stored in the prison chapel office and only to be issued to Plaintiff one cigarette or one pipe full of tobacco at a time. Plaintiff contends that, to perform his Wheel of Love Ceremony, he is required to have one abalone shell full of tobacco in his cell to be burned each day. The vendor that Plaintiff is required to purchase his religious tobacco from does not sell tobacco in a can or pouch.

On or around February 5, 2010, Defendant Wegman received cigars Plaintiff had ordered from the approved vendor and she has refused to release them to Plaintiff for use in his Wheel of Love Ceremony. Additionally, Plaintiff believes that he must carry a pouch of tobacco, other herbs, and a medallion on his person. Plaintiff states that the ban on tobacco violates his free exercise rights and California Penal Code Section 5030.1.

On or around February 24, 2009, Defendant Harrington passed the regulations that limited

4

Plaintiff to purchasing religious products from a single vendor, limited the amount of product that can be purchased, and prohibiting Plaintiff from having tobacco in his cell or on his person. Plaintiff states that he is exempt from the regulations regarding possession of tobacco by inmates under California Penal Code Section 5030.1. Plaintiff is seeking declaratory and injunctive relief, and monetary damages.

## V.    Discussion

### A.    First Amendment Free Exercise

"Prison walls do not form a barrier separating prison inmates from the protections of the Constitution." Turner v. Safley, 482 U.S. 78, 84 (1987). Nevertheless, prisoners' constitutional rights are subject to substantial limitations and restrictions in order to allow prison officials to achieve legitimate correctional goals and maintain institutional security. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987); Bell v. Wolfish, 441 U.S. 529, 546-47 (1979).

"Inmates . . . retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone, 482 U.S. at 348 (internal quotations and citations omitted). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), *overruled in part by* Shakur, 514 F.3d at 884-85.

Plaintiff's allegations are sufficient to state a claim against Defendants Cate, Harrington, and Wegman for violation of the Free Exercise Clause of the First Amendment.

### B.    Religious Land Use and Institutionalized Persons Act

To state a claim under RLUIPA a plaintiff must show that a person acting under color of state law "imposed a substantial burden on his religious exercise." Florer v. Congregation Pidyon Shevuyim N.A., 639 F.3d 916, 921 (9th Cir. 2011). Under RLUIPA, a plaintiff bears the initial burden of setting forth a prima facie claim that the "policy and its punitive sanctions designed to coerce him to comply with that policy constitute a subst antial burden on the exercise his religious beliefs." Warsoldier v. Woodford, 418 F.3d 989, 994 (9th Cir. 2005). Once the initial burden is met

5

then the burden shifts to defendant to show that any substantial burden on plaintiff's "exercise of his religious beliefs is both in furtherance of a compelling governmental interest and the least restrictive means of furthering that compelling governmental interest." Warsoldier, 418 F.3d at 995 (*quoting* 42 U.S.C § 2000cc-1(a); § 2000cc-2(b)). RLUIPA is to be broadly construed in favor of protecting the inmates right to exercise his religious beliefs. Warsoldier, 418 F.3d at 995.

While Plaintiff does not specifically address RLUIPA in his second amended complaint, the Court previously found a RLUIPA claim against Defendant Harrington. Liberally construed, Plaintiff's complaint states a claim against Defendants Cate and Harrington for violation of RLUIPA.

### C. Official Capacity Claims

Plaintiff brings suit against Defendants Cate and Harrington in their official capacities.[1] A suit brought against prison officials in their official capacity is generally equivalent to a suit against the prison itself. McRorie v. Shimoda, 795 F.2d 780, 783 (9th Cir. 1986). Therefore, prison officials may be held liable if "'policy or custom' . . . played a part in the violation of federal law." McRorie, 795 F.2d at 783 (*quoting* Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105 (1985). The official may be liable where the act or failure to respond reflects a conscious or deliberate choice to follow a course of action when various alternatives were available. Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002) (*quoting* City of Canton v. Harris, 489 U.S. 378, 389, 109 S. Ct. 1197, 1205 (1989); see Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010). Plaintiff's allegations are sufficient to state a cognizable official capacity claim against Defendants Cate and Harrington.

### D. State Law Claims

Plaintiff brings this action against Defendants for violation of California Penal Code Section 5030.1. A private right of action under a criminal statute has rarely been implied. Chrysler Corp. v. Brown, 441 U.S. 281, 316, 99 S. Ct. 1705, 1725 (1979). Where a private right of action has been implied, "there was at least a statutory basis for inferring that a civil cause of action of some sort lay

---

[1] Although Plaintiff alleges an official capacity claim against Defendant Wegman, Plaintiff's official capacity claim against Defendant Wegman was dismissed, with prejudice, in the order issued November 15, 2011. (ECF No. 23.)

in favor of someone." Chrysler Corp., 441 U.S. at 316, 99 S. Ct at 1725 (*quoting* Cort v. Ash, 422 U.S. 66, 79, 95 S. Ct. 2080 (1975); see Sohal v. City of Merced Police Dep't, No. 1:09-cv-0160-AWI-DLB, 2009 WL 961465, * (E.D. Cal. Apr. 8, 2009) ("[t]his court and courts of this circuit routinely dismiss claims based on violation of state criminal statutes where the language of the statute does not confer a private right of action"). The Court has reviewed the criminal statute in its entirety and can find no indication of a private right of action. Accordingly, Plaintiff's claim for violation of the California Penal Code is not cognizable.

## VI. Conclusion and Order

Plaintiff's second amended complaint states a cognizable claim against Defendant Cate, in his official capacity, and Defendant Harrington, in his individual and official capacities, for violations of the Free Exercise Clause of the First Amendment and RLUIPA, and against Defendant Wegman, in her individual capacity, for violation of the Free Exercise Clause of the First Amendment. Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a second amended complaint is GRANTED IN PART AND DENIED IN PART as follows:
    a. Plaintiff's motion for leave to file a second amended complaint is GRANTED, and the Clerk of the Court is directed to file the second amended complaint, lodged March 23, 2012; and
    b. Plaintiff's motion for a hearing is DENIED, without prejudice;
2. This action shall proceed on Plaintiff's second amended complaint, lodged March 23, 2012, against Defendant Cate, in his official capacity, and Defendant Harrington, in his individual and official capacities, for violations of the Free Exercise Clause of the First Amendment and RLUIPA, and against Defendant Wegman, in her individual capacity, for violation of the Free Exercise Clause of the First Amendment.;
3. Plaintiff's state law claim is dismissed, with prejudice, for failure to state a claim;
4. Plaintiff's request for a quick decision, filed January 9, 2012, is DENIED; and

///

///

5. Within thirty days from the date of service of this order, Defendants shall file a responsive pleading and an opposition or statement of non-opposition to Plaintiff's motions for a preliminary injunction, filed January 9, 2012, and March 23, 2012.

IT IS SO ORDERED.

Dated:   May 15, 2012                              /s/ Barbara A. McAuliffe
                                                   UNITED STATES MAGISTRATE JUDGE