# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY TAYLOR,<br><br>         Plaintiff,<br><br>   v.<br><br>SUSAN HUBBARD, et al.,<br><br>         Defendants.<br>_____/ | CASE NO. 1:10-cv-00404-LJO-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION AND/OR PROTECTIVE ORDER<br><br>(ECF Nos. 29, 39)<br><br>OBJECTIONS DUE WITHIN TWENTY-ONE DAYS |

Plaintiff Tracy Taylor ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's second amended complaint against Defendant Cate, in his official capacity as Secretary of the California Department of Corrections and Rehabilitation, for injunctive relief for violations of the Free Exercise Clause of the First Amendment and of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"); against Defendant Harrington, in his individual capacity and his official capacity as Acting Warden at Kern Valley State Prison, for violations RLUIPA and the Free Exercise Clause of the First Amendment; and against Defendant Wegman, in her individual capacity, for violation of the Free Exercise Clause of the First Amendment.

Pending before the Court are: (1) Plaintiff's motion for preliminary injunction and/or protective order, filed January 9, 2012 (ECF No. 29); and (2) Plaintiff's motion for preliminary injunction and/or protective order, filed March 23, 2012 (ECF No. 39). Defendants Harrington and Wegman opposed the second motion for preliminary injunction on July 16, 2012, and Plaintiff

1  replied on August 13, 2012. (ECF Nos. 58, 66.) After filing an answer to the complaint, Defendant
2  Cate opposed the motions for preliminary injunction on October 9, 2012, and Plaintiff replied.[1]
3  (ECF Nos. 81, 87.) The matter is deemed submitted pursuant to Local Rule 230(l).

**I.  Motion for Preliminary Injunction and/or Protective Order** (ECF No. 29)

On January 9, 2012, Plaintiff moved for a preliminary injunction against Defendants Harrington and Wegman at Kern Valley State Prison to (1) receive from his family and friends, via postal services, tobacco products (e.g., loose tobacco, cigarettes, cigars, rolling papers, smoking pipe, lighters, matches); (2) possess and use tobacco products; (3) purchase and set up an altar in his cell with the following items purchased from the vendor of his choice: altar cloth, holy books of Thelema, tarot cards, statuary, Yi Ching, incense, incense sticks, ash catcher, wand, chalices, oils, oil diffusers, candles, candle holders, abalone shell, lighter, T.V./radio/c.d. player, religious chanting c.d.s, bell, crystals and gemstones. (ECF No. 29, p. 8.)

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008) (citations omitted).

Here, Plaintiff claims that his religious items were confiscated by custody staff at Calipatria State Prison, that Defendant Wegman has refused Plaintiff access to his religious items at Kern Valley State Prison and that Defendant Harrington has implemented a policy prohibiting Plaintiff from using and possessing tobacco in his cell at Kern Valley State Prison. (ECF No. 29, pp. 2-3, 4.)

Based on his moving papers, it is unclear whether Plaintiff is seeking preliminary injunctive relief against Calipatria State Prison or against Kern Valley State Prison or both. Regardless, what is clear from the record is that Plaintiff is no longer incarcerated at either facility. He is currently housed at California State Prison, Los Angeles County in Lancaster, California. (ECF No. 82.) A preliminary injunction becomes moot if a prisoner is transferred. Andrews v. Cervantes, 493 F.3d

---

[1] Plaintiff filed a duplicative reply to Defendant Cate's opposition on January 22, 2013. (ECF No. 95.) The duplicative reply is HEREBY DISREGARDED.

1047, 1053 n. 5 (9th Cir.2007) (citing Johnson v. Moore, 948 F.2d 517, 510 (9th Cir.1991) (per curiam)); Holt v. Stockman, 2012 WL 259938, *6 (E.D. Cal. Jan. 25, 2012) (a prisoner's claim for injunctive relief is rendered moot when he is transferred from the institution whose employees he seeks to enjoin from harming him).

However, claims that are "capable of repetition, yet evading review," are excepted from the mootness doctrine. Spencer v Kemna, 523 U.S. 1, 17, 118 S.Ct. 978, 988 (1998). A party seeking to apply such exception must demonstrate that: (1) the challenged action is too short in duration to be fully litigated prior to cessation or expiration; and (2) there is a reasonable likelihood that he will be subject to the same action again. Id. In the context of a prisoner's claim for injunctive relief for civil rights violations, he must demonstrate a reasonable expectation of being transferred back to the institution where the violations occurred. Johnson, 948 F.2d at 519. Here, Plaintiff has not alleged any "reasonable expectation" or "clear probability" that he will be transferred back to Kern Valley State Prison or to Calipatria State Prison, so his claim for injunctive relief is moot. Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1996).

For these reasons, the Court recommends that Plaintiff's motion for preliminary injunction, filed January 9, 2012, be denied as moot.

**II.     Motion for Preliminary Injunction and/or Protective Order** (ECF No. 39)

On March 9, 2012, Plaintiff moved for a preliminary injunction to (1) receive from his family or friends, via postal services, tobacco products (e.g. loose tobacco, cigarettes, cigars, rolling papers, smoking pipe, lighters, matches); (2) possess and use tobacco products; (3) purchase the religious items he needs for his religious altar; (4) set up and maintain a religious altar in his cell with the following items: altar cloths, holy books of Thelema, troth tarot cards, statuary, Yi ching, incense, incense sticks/cones, ash catcher, wands, chalices, oils, oil diffuser, colognes, perfumes, candles, candle holders, abalone shell, lighters, radio/cd player with speakers that play out loud, bell, crystals, and gemstones; and (5) wear charms and charm bags. (ECF No. 39, p. 10.)

In his moving papers, Plaintiff reported that he had been transferred out of Kern Valley State Prison to Calipatria State Prison, but he had been brought back to Kern Valley State Prison in February 2010 for a court trial and will remain there until completion of his trial in August 2012.

(ECF No. 39, p. 9.) Plaintiff claims that his religious items were confiscated by prison officials at Calipatria State Prison. (ECF No. 39, p. 9.) As with his prior motion, Plaintiff's moving papers do not clearly indicate whether he seeks injunctive relief related to the confiscating of his religious items at Calipatria State Prison or regarding the confiscation and/or use of religious items use at Kern Valley State Prison. In his replies, Plaintiff appears to indicate that he seeks a preliminary injunction related to confiscation of his items at Calipatria State Prison, receipt of religious items directly from his family, use and possession of tobacco products and the ability to set up and maintain a religious altar with certain items. (ECF No. 66, pp. 4, 9; ECF No. 87, pp 2, 4.) Nonetheless, as with his prior motion, Plaintiff has been transferred to California State Prison, Los Angeles County in Lancaster and thus his request for preliminary injunctive relief against officials at Kern Valley State Prison or at Calipatria State Prison is moot. Andrews, 493 F.3d at 1053 n. 5; Knows His Gun v. Montana, 866 F.Supp.2d 1235, 1242-43 (D. Mont. 2012) (in the context of RLUIPA cases, when a prisoner is transferred to another facility, his claims for injunctive or declaratory relief against the transferring facility becomes moot). Plaintiff has not alleged any "reasonable expectation" or "clear probability" that he will be transferred back to Kern Valley State Prison or to Calipatria State Prison. Darring, 783 F.2d at 876.

While it is clear that Plaintiff cannot seek to enjoin officials at prisons where he is no longer incarcerated, Plaintiff has asserted claims against Defendant Cate, in his official capacity as Secretary of the California Department of Corrections and Rehabilitation ("CDCR").[2] In seeking a preliminary injunction, Plaintiff claims that CDCR's policies do not allow him to purchase religious artifacts from the vendors of his choice and do not allow his family to mail him tobacco products personally even though CDCR does not have a vendor that sends tobacco products that Plaintiff requires. (ECF No. 66, p. 4; ECF No. 87, pp. 4, 15.) In sum, Plaintiff complains that CDCR's policy forces him "to purchase his religious items only from departmentally locally-approved vendors." (ECF No. 66, p. 8.) He also complains that he must seek re-approval of any religious artifacts he possesses when he transfers to another facility. (ECF No. 87, p. 15.)

---

[2] Matthew Cate is no longer the Secretary of CDCR. J. Beard has been appointed to take his place. (ECF No. 97.)

4

In relevant part, the CDCR policy at issue states as follows:

(i) Inmates shall be allowed special purchases of authorized personal property items from locally-approved special purchase vendors . . . . The institution head or designated staff shall ensure approved vendor catalogs and order forms are available to inmates who qualify. Special purchases shall only include the following:

. . .

(4) Religious Items, as listed within the Religious Property Matrix.

15 Cal. Code Regs. § 3190(i). There is no indication in any of the moving papers that Plaintiff is unable to obtain approved religious items at his current facility or that there is no locally-approved special purchase vendor for religious items at his current facility. Additionally, there is no indication that CDCR's regulations operate as a complete ban on Plaintiff's receipt of approved religious items.

Moreover, to the extent Plaintiff seeks a preliminary injunction at California State Prison, Los Angeles County, Plaintiff has failed to meet the relevant standard for such an injunction to issue. As noted above, a plaintiff seeking a preliminary injunction must establish, among other things, that he is likely to suffer irreparable harm in the absence of preliminary relief. Winter, 555 U.S. at 20. In this instance, Plaintiff has not named any officials at California State Prison, Los Angeles County in his complaint, and he has not submitted evidence of real, immediate, irreparable harm at California State Prison, Los Angeles County. In short, Plaintiff has failed to provide any evidence that he is currently being subjected to a violation of his rights. Thus, there does not appear to be any harm, much less irreparable harm, that Plaintiff will suffer if his request for injunctive relief is denied at this time.

For these reasons, the Court recommends that Plaintiff's motion for preliminary injunction, filed on March 23, 2012, be denied.

**III.   Conclusion and Recommendations**

Accordingly, it is HEREBY RECOMMENDED as follows:

1. Plaintiff's motion for preliminary injunction and/or protective order, filed on January 9, 2012, be DENIED; and

2. Plaintiff's motion for preliminary injunction and/or protective order, filed on March 23, 2012, be DENIED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 25, 2013**         /s/ **Barbara A. McAuliffe**
UNITED STATES MAGISTRATE JUDGE