UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY TAYLOR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SUSAN HUBBARD, et al.,<br><br>　　　　Defendants. | Case No.: 1:10-cv-00404-LJO-BAM PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS<br><br>(ECF Nos. 74, 116) |

　　　　Plaintiff Tracy Taylor ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On September 4, 2013, the Magistrate Judge issued Findings and Recommendations that Defendants' motion to dismiss for failure to exhaust administrative remedies be granted in part and denied in part and this action proceed only on Plaintiff's claims (1) against Defendant Cate, in his official capacity, for violations of the Free Exercise Clause of the First Amendment and RLUIPA; and (2) against Defendant Wegman, in her individual capacity, for violation of the Free Exercise Clause of the First Amendment arising out of the alleged confiscation of Plaintiff's religious items on February 11, 2009.  The Findings and Recommendations were served on the parties and contained notice that any objections to the Findings and Recommendations were to be filed within thirty days.  On September 20, 2013, Plaintiff filed his objections.  Defendants did not file a response.

1

1   Plaintiff objects to the Magistrate Judge's recommendation that the claims against Defendant
2  Harrington and the claim against Defendant Wegman arising from the failure to provide Plaintiff his
3  cigars in February 2010 be dismissed.

   Defendant Harrington

   With regard to the claims against Defendant Harrington, Plaintiff takes issue with the Magistrate Judge's determination that Plaintiff's evidence called into question the veracity of his arguments.  Plaintiff appears to challenge the Magistrate Judge's finding that Plaintiff "declare[d] that he submitted an appeal concerning Defendant Harrington's regulations on May 11, 2009 … [h]owever, the appeal is dated May 14, 2009." (ECF No. 116, p. 8.)  Plaintiff now claims that the appeal is dated May 12, 2009.[1]  (ECF No. 117, p. 2.)  Plaintiff's objection lacks merit.

   Although the Magistrate Judge questioned Plaintiff's veracity and disagreed with the asserted date, the Magistrate Judge considered Plaintiff's arguments *as if* the appeal concerning Defendant Harrington was dated May 11, 2009.  In other words, the Magistrate Judge accepted the May 11, 2009 date when considering whether or not Plaintiff exhausted his administrative remedies or whether he was precluded from exhausting through no fault of his own.  (ECF No. 116, p. 8-9.)

   Plaintiff has not adequately challenged the remainder of the Magistrate Judge's findings regarding the veracity of Plaintiff's assertions.  The Magistrate Judge determined that the May 11, 2009 appeal referred to another appeal submitted on "6-10-09," which is after the May 11, 2009 date. (ECF No. 116, p. 8.)  Plaintiff admits that he wrote the date of "6-10-09" on the grievance, but claims that it was an error.  (ECF No. 117, p. 3.)  Despite Plaintiff's claim of error, he does not identify the correct date of the referenced grievance or provide any other evidence of his error.

   Plaintiff also has not adequately challenged the Magistrate Judge's further finding that Defendants provided evidence challenging the veracity of Plaintiff's arguments.  First, Plaintiff objects to the Magistrate Judge's apparent acceptance of Defendants' assertion that Plaintiff's May 11, 2009 appeal did not appear to have been received by the KVSP appeals office because it was not date

---

[1] Plaintiff apparently has changed his argument as he previously declared that he "submitted an appeal on May 11, 2009 about Warden Harrington procedures." (ECF No. 115, p. 25; Plaintiff's Declaration at ¶ 13.) The date change to May 12, 2009, undercuts Plaintiff's claims regarding exhaustion or the inability to exhaust an appeal submitted on May 11, 2009.

stamped. (ECF No. 116, p. 9.) Despite his general objection, Plaintiff does not have any evidence to counter Defendants' supporting declaration, which stated that grievances are date stamped when they are received. Plaintiff also has not provided evidence of any other grievances that were received and returned to him without a date stamp.

Plaintiff takes issue with the Magistrate Judge's finding that an appeal received by KVSP on May 11, 2009, was not the appeal related to claims against Defendant Harrington. Plaintiff objects because Defendants failed to provide physical evidence as to the May 11, 2009 appeal. Plaintiff's objection lacks merit. If Defendants returned the appeal, they would not have a copy of it. Moreover, Plaintiff's argument that the appeal was dated May 12, 2009, undermines his claim regarding the May 11, 2009 appeal.

Plaintiff also objects to the Magistrate Judge's determination that the May 11, 2009 appeal did not appear to be Plaintiff's appeal concerning Defendant Harrington because Plaintiff claimed it was first rejected on May 29, 2009, but prison records indicated that the May 11, 2009 appeal was rejected and sent back on May 14, 2009. (ECF No. 116, p. 9.) Plaintiff now claims that he submitted a copy of the May 14, 2009 rejection, but simply forgot to mention it in his opposition papers. (ECF No. 117, p. 4.) Although Plaintiff submitted a rejection letter dated May 14, 2009 with his original opposition, he did not argue that it was a rejection of the appeal at issue. (ECF No. 115, p. 68.) Plaintiff does not explain why he failed to raise this issue. Nonetheless, the Court does not find that submission of the May 14, 2009 letter alters the Magistrate Judge's conclusion that Plaintiff failed to exhaust his administrative remedies against Defendant Harrington or that he was precluded from exhausting through no fault of his own.

Finally, Plaintiff contends that the Magistrate Judge erred in finding that the December 14, 2009 appeal did not exhaust his claims against Defendant Harrington. However, Plaintiff does not address the Magistrate Judge's finding that the appeal was untimely and would not have exhausted his claims against Defendant Harrington even if it had not been screened out. (ECF No. 116, pp. 9-10.)

<u>Defendant Wegman</u>

Plaintiff challenges the Magistrate Judge's finding that Plaintiff failed to take reasonable and appropriate steps to exhaust his claim against Defendant Wegman arising from an incident in February

3

2010. In particular, Plaintiff objects to the Magistrate Judge's finding that his February 11, 2010 appeal was received and screened out by prison officials, and not lost as Plaintiff claimed. (ECF No. 116, p. 11.) Plaintiff now argues that despite prison records indicating that his appeal was screened out, he never received a response. (ECF No. 117, p. 7.) However, as determined by the Magistrate Judge, Plaintiff provides no evidence indicating that he followed up on the lack of response. In other words, Plaintiff does not present evidence that he took reasonable and appropriate steps to exhaust his February 2010 claim against Defendant Wegman. Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations issued on September 4, 2013, are adopted in full;
2. Defendants' motion to dismiss for failure to exhaust administrative remedies is GRANTED IN PART and DENIED IN PART as follows:
   a. Defendants' motion to dismiss the claims against Defendant Harrington is GRANTED, and Plaintiff's claims against Defendant Harrington are DISMISSED without prejudice;
   b. Defendants' motion to dismiss the claim against Defendant Wegman arising from the alleged failure to provide Plaintiff with cigar tobacco in February 2010 is GRANTED, and Plaintiff's claim arising from the alleged failure to provide him with cigar tobacco is DISMISSED without prejudice; and
   c. Defendants' motion to dismiss the claim against Defendant Wegman arising from the alleged confiscation of Plaintiff's religious items in February 2009 is DENIED.
3. This action shall proceed on Plaintiff's claims (1) against Defendant Cate, in his official capacity, for violations of the Free Exercise Clause of the First Amendment and RLUIPA; and (2) against Defendant Wegman, in her individual capacity, for violation

of the Free Exercise Clause of the First Amendment, arising out of the alleged confiscation of his religious items on February 11, 2009; and

4. This matter is referred back to the Magistrate Judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   **March 21, 2014**                    /s/ Lawrence J. O'Neill
                                               UNITED STATES DISTRICT JUDGE

5