UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY TAYLOR,<br><br>           Plaintiff,<br><br>      v.<br><br>SUSAN HUBBARD, et al.,<br><br>           Defendants. | 1:10-cv-00404-LJO-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 121) |

   Plaintiff Tracy Taylor ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's claims (1) against Defendant Cate, in his official capacity, for violations of the Free Exercise Clause of the First Amendment and RLUIPA; and (2) against Defendant Wegman, in her individual capacity, for violation of the Free Exercise Clause of the First Amendment arising out of the alleged confiscation of Plaintiff's religious items on February 11, 2009.  The discovery deadline has expired and the deadline to submit dispositive motions is May 23, 2014.

   On May 5, 2014, Plaintiff filed the instant motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain

1

1 exceptional circumstances the court may request the voluntary assistance of counsel pursuant to
2 section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

3 Without a reasonable method of securing and compensating counsel, the court will seek
4 volunteer counsel only in the most serious and exceptional cases.  In determining whether
5 "exceptional circumstances exist, the district court must evaluate both the likelihood of success on
6 the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
7 complexity of the legal issues involved."  <u>Id.</u> (internal quotation marks and citations omitted).

8 Here, Plaintiff seeks the appointment of counsel because he is indigent, his imprisonment
9 impedes his ability to locate a crucial witness, and he requires the witness for purposes of a
10 deposition and to survive summary judgment.  Plaintiff explains that he attempted to locate the
11 witness by interrogatories to defendants, but was unsuccessful.

12 The Court has considered Plaintiff's moving papers, but does not find the required
13 exceptional circumstances.  Even if it is assumed that plaintiff is not well versed in the law and
14 that he has made serious allegations which, if proved, would entitle him to relief, his case is not
15 exceptional.  This Court is faced with similar cases almost daily from indigent prisoners
16 proceeding with actions while incarcerated.  That Plaintiff was unable to locate a witness is not
17 enough.  Discovery in this action is now closed and Plaintiff has had an opportunity to submit a
18 series of interrogatories to locate the witness.  (ECF No. 121, p. 4.)  Plaintiff's inability to craft
19 interrogatories sufficient to locate the witness does not support the appointment of counsel.
20 Further, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is
21 likely to succeed on the merits, and based on a review of the record in this case, the Court does
22 not find that Plaintiff cannot adequately articulate his claims.  <u>Id</u>.

23 For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY
24 DENIED without prejudice.
IT IS SO ORDERED.

26     Dated:   **May 14, 2014**                    /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE