1

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9

10

11

12

13

14

15

16

17

| | |
|---|---|
| **TRACY TAYLOR,**<br><br>                                    Plaintiff,<br><br>          **v.**<br><br>**SUSAN HUBBARD, et al.,**<br><br>                                    Defendants. | Case No. 1:10-cv-00404-LJO BAM (PC)<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION TO MODIFY THE**<br>**DISPOSITIVE MOTION DEADLINE**<br><br>(ECF No. 125) |

18    **I.    Background**

19         Plaintiff Tracy Taylor ("Plaintiff") is a state prisoner proceeding pro se and in forma

20    pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on

21    Plaintiff's claims (1) against Defendant Beard[1] in his official capacity, for violations of the Free

22    Exercise Clause of the First Amendment and RLUIPA; and (2) against Defendant Wegman, in

23    her individual capacity, for violation of the Free Exercise Clause of the First Amendment, arising

24    out of the alleged confiscation of his religious items on February 11, 2009.

25

26

27    _____
          [1] Plaintiff originally proceeded against Defendant Cate in his official capacity as Secretary
       of the California Department of Corrections and Rehabilitation.  J. Beard has been appointed to
       replace Defendant Cate.

28

1   On May 13, 2014, Defendants Beard and Wegman filed the instant motion to modify the

2   current dispositive motion deadline an additional 49 days to July 11, 2014.  (ECF No. 125.)  The

3   Court finds it appropriate to address the motion without a response.  Plaintiff will not be

4   prejudiced if the modification is granted and the motion is deemed submitted.  Local Rule 230(l).

5   **II.   Procedural Status**

6   On May 16, 2013, the Court extended the dispositive motion deadline an additional sixty

7   (60) days until after resolution of Defendants' motion to dismiss.  The Court resolved the motion

8   to dismiss on March 24, 2014.  (ECF No. 119.)  As such, the deadline for dispositive motions is

9   May 23, 2014.

10  On May 5, 2014, Plaintiff filed a motion for partial summary judgment on the claims

11  against Defendant Beard, along with a motion for the appointment of counsel.  (ECF Nos. 121,

12  122.)  On May 8, 2014, Plaintiff filed a motion for preliminary injunction and a motion for

13  subpoenas.  (ECF Nos. 124, 124.)

14  On May 13, 2014, Defendants filed the instant motion requesting that the dispositive

15  motion deadline be extended from May 23, 2014, to July 11, 2014.  (ECF No. 125.)  Defendants

16  explain that they will be unable to complete their motion for summary judgment by the

17  dispositive motion deadline.  Defendants report that Plaintiff recently requested to open

18  settlement negotiations, along with filing his motion for partial summary judgment and motion

19  for preliminary injunction.  Defendants believe they will not have sufficient time to address

20  Plaintiff's request for settlement negotiations and his pending motions while simultaneously

21  preparing a motion for summary judgment by the current deadline.  Defendants also indicate that

22  defense counsel has had a significant number of other deadlines that have prevented completion

23  of the motion for summary judgment.  (ECF No. 125.)  Additionally, Defendants request that the

24  Court extend the deadline for responding to Plaintiff's motion for preliminary injunction and

25  motion for partial summary judgment to allow for consideration of Plaintiff's anticipated

26  settlement demand.

27  ///

28  ///

### III. Discussion

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. If the party was not diligent, the inquiry should end. Id.

Here, the Court finds good cause to extend the dispositive motion deadline. Based on the pending motions filed by Plaintiff and the competing deadlines of defense counsel, the dispositive motion deadline cannot be met despite Defendants' apparent diligence in litigating this action. Defendants' request to modify the dispositive motion deadline shall be granted. In the interests of judicial economy, Defendants' corresponding request to extend the deadline for responding to Plaintiff's motion for partial summary judgment and motion for preliminary injunction shall be granted.

### IV. Conclusion and Order

Based on the above, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to modify the dispositive motion deadline is GRANTED;

2. The dispositive motion deadline is extended 49 days, up to and including, July 11, 2014; and

3. The deadline for responding to Plaintiff's motion for partial summary judgment and motion for a preliminary injunction is also extended to July 11, 2014.

IT IS SO ORDERED.

Dated:   **May 14, 2014**                    /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

3