1
2
3
4
5
6
7
8     **UNITED STATES DISTRICT COURT**
9     **EASTERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| TRACY TAYLOR, | ) Case No.: 1:10-cv-00404-LJO-BAM PC |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S MOTION FOR ) AN ORDER DIRECTING DEFENDANTS TO |
| v. | ) PROVIDE WITNESS ADDRESS ) (ECF No. 128) |
| SUSAN HUBBARD, et al., | ) |
| Defendants. | ) ) |
| | ) |

Plaintiff Tracy Taylor ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's claims (1) against Defendant Beard[1] in his official capacity, for violations of the Free Exercise Clause of the First Amendment and RLUIPA; and (2) against Defendant Wegman, in her individual capacity, for violation of the Free Exercise Clause of the First Amendment, arising out of the alleged confiscation of his religious items on February 11, 2009.

Discovery in this matter closed on March 17, 2013.  On May 19, 2014, Plaintiff filed the instant motion requesting that the Court order Defendants to provide the full name of Captain Wood, along with his home address and phone number for purposes of a subpoena.  Plaintiff indicates that

---

[1] Plaintiff originally proceeded against Defendant Cate in his official capacity as Secretary of the California Department of Corrections and Rehabilitation. J. Beard has been appointed to replace Defendant Cate.

1

Defendants did not provide his current work address in response to interrogatories.  (ECF No. 128.)
Defendants did not file a response and the motion is deemed submitted.  Local Rule 230(l).

**A.  Request for Witness' Address**

The Court construes Plaintiff's request for Captain Wood's address as a motion to compel
Defendants to provide a supplemental response to his interrogatories.  As an initial matter, Plaintiff's
request is untimely.  As noted above, the discovery deadline expired on March 17, 2013.  Plaintiff has
not provided any basis for the Court to modify the discovery and scheduling order to extend the
discovery deadline.  Fed. R. Civ. P. 16(b).

Even if not untimely, the Court finds no basis to order Defendants to provide a supplemental
response to his interrogatories.  An interrogatory is a written question propounded by one party to
another who must answer under oath and in writing.  Interrogatories are limited to anything within the
permissible scope of discovery, namely, any nonprivileged matter that is relevant to any party's claim
or defense. Fed.R.Civ.P. 33, 26(b)(1). The responding party is to answer each interrogatory fully, to
the extent that it is not objected to, Fed.R.Civ.P. 33(b)(3), and any objection must be stated with
specificity, Fed.R.Civ.P. 33(b)(4). Generally, the responding party does not need to conduct extensive
research in answering the interrogatory, but a reasonable effort to respond must be made. Evans v.
Tilton, 2010 WL 1136216, at * 6 (E.D.Cal. Mar.19, 2010).

Based on the exhibits attached to his moving papers, Plaintiff propounded two interrogatories
related to Captain Wood's name and address:   Interrogatory No. 2 in his first set of interrogatories to
Defendant Wegman; and Interrogatory No. 10 in his supplemental interrogatories to Defendant
Wegman.

**Interrogatory No. 2:**

"State the full name of Captain L. Wood who was the captain of the D-Facility in 2009 at
KVSP."

**Response to Interrogatory No. 2:**

Defendant objects to this request on the ground that it is not relevant and not likely to lead to
the discovery of admissible evidence.  Defendant further objects on the grounds that it calls for
information protected by the official information privilege and that disclosure of this information to an

2

inmate would violate non-party L. Wood's right to privacy and could endanger his safety and the safety of his family.  Defendant will not respond further.

Discussion:

The Court finds that Defendant Wegman appropriately declined to provide Captain Wood's personal information.  See e.g., Moore v. Gonzalez, 2013 WL 3816012, *4 (E.D. Cal. Jul. 22, 2013) (redaction of personal data).

**Interrogatory No. 10 (Supplemental Interrogatory No. 3):**

"Please identify all current positions, title and whether or not each individual still works at Kern Valley State Prison.  [R. Marta, L. Wood, and E. Campagna].

**Response to Interrogatory No. 10:**

Defendant objects to the request on the grounds that it is compound, and the individuals' current title and whether or not they still work at Kern Valley State Prison (KVSP) is not relevant, and not likely to lead to discoverable evidence.  Without waiving objections, as to the first subpart of the interrogatory, R. Marta is a sergeant.  As to the second subpart, R. Marta does still work at Kern Valley State Prison.  As to the third subpart, Defendant does not know L. Wood's current title.  As to the fourth subpart, L. Wood does not still work at Kern Valley State Prison.  As to the fifth subpart, after conducting a reasonable inquiry, Defendant does not know E. Campagna's current title.  As to the sixth subpart, E. Campanga does not still work at Kern Valley State Prison.

Discussion:

The Court finds that Defendant Wegman appropriately answered Plaintiff's inquiry as to whether or not L. Wood still worked at Kern Valley State Prison.  At no time did Plaintiff inquire as to the current work location of L. Wood.  Defendant Wegman cannot be compelled to provide a supplemental response to a question that was not asked.

To the extent that Plaintiff requests the full name, home address and phone number for purposes of a subpoena, the Court declines to direct Defendants to provide such information to the Clerk of the Court.  There is no indication that Plaintiff was unable to prepare appropriate interrogatories to ascertain the current work location of Mr. Woods.

3

**B.  Conclusion and Order**

For the reasons stated, Plaintiff's motion for an order directing defendants to provide witness address, file on May 19, 2014, is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **July 1, 2014**                         ___/s/ _Barbara A. McAuliffe___
                                                                                 UNITED STATES MAGISTRATE JUDGE

4